**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1969**

DONALD MUIR, SR.,

       Plaintiff – Appellant,

  and

SAED QATAWNEH; AMIR MASHAQBEH, d/b/a Jordan Towing, Inc.,

       Defendants – Appellants,

  v.

METRO AUTO SALES, INC.,

       Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallager, District Judge.  (1:21-cv-01794-SAG)

Submitted:  March 21, 2024                                    Decided:  July 31, 2024

Before WYNN and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul M. Finamore, Halle P. Gray, PESSIN KATZ LAW, P.A., Columbia, Maryland; Paul D. Bekman, Aryeh M. Rabinowitz, BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC, Baltimore, Maryland, for Appellants.  Margaret Fonshell

Ward, Megan G. Freeman, DOWNS WARD BENDER HERZOG & KINTIGH, P.A., Hunt Valley, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this negligence action, Plaintiff Donald Muir, Sr., Defendant Saed Qatawneh, and Defendant Amir Mashaqbeh appeal the district court's grant of summary judgment in favor of Defendant Metro Auto Sales, Inc.  We review the grant of summary judgment de novo, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *See Pledger v. Lynch*, 5 F.4th 511, 524 (4th Cir. 2021).

We have reviewed the record and find no reversible error.  We conclude that Muir offered insufficient evidence of control for a jury to find that a master-servant relationship existed between Metro Auto Sales, Inc., and Saed Qatawneh at the time of Muir's accident.  *See Green v. H&R Block, Inc.*, 735 A.2d 1039, 1048 (Md. 1999); *Brady v. Ralph Parsons Co.*, 520 A.2d 717, 730 n.26 (Md. 1987) ("A person who contracts . . . to deliver something to another, but who is not acting as a fiduciary for the other, is a non-agent independent contractor." (cleaned up)); *Whitehead v. Safway Steel Prods., Inc.*, 497 A.2d 803, 809 (Md. 1985) (holding that the "decisive" or "controlling" factor in a master-servant relationship is "whether the [principal] has the right to control and direct the [agent] in the performance of the work and in the manner in which the work is to be done" (cleaned up)).

Accordingly, we affirm the district court's grant of summary judgment in favor of Defendant Metro Auto Sales, Inc.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3